UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

AT LAW AND IN ADMIRALTY

JANE DOE and JOHN DOE,
Individually and as Parents and Natural
Guardians of H.P., a Minor Child,

    Plaintiffs,

v.

NCL (BAHAMAS) LTD, A BERMUDA
CORPORATION, d/b/a NORWEGIAN
CRUISE LINE,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiffs, JANE DOE and JOHN DOE, individually and as Parents and Natural Guardians of H.P., a minor, hereby sue the Defendant, NCL (BAHAMAS) LTD, A BERMUDA CORPORATION, d/b/a NORWEGIAN CRUISE LINE, and file this Complaint for Damages and state:

### THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

1

2. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. The Plaintiffs, JANE DOE, JOHN DOE and H.P., their minor child who was 12 years old at the time of the subject incident, are sui juris and are residents of Iowa. At all times material hereto, the Plaintiffs were passengers onboard the cruise ship NCL *Escape* which cruise ship was owned and operated by the Defendant.

4. The Plaintiffs, JANE DOE, JOHN DOE and H.P., their minor child, are citizens of the State of Iowa for purposes of diversity of citizenship under 28 U.S.C. § 1332.

5. The Defendant, NCL (BAHAMAS) LTD., A BERMUDA CORPORATION, d/b/a NORWEGIAN CRUISE LINE (Hereinafter referred to as "NCL") is a foreign corporation incorporated in Bermuda and is doing business in Miami Dade County, Florida. The Defendant is a citizen of Florida for purposes of diversity of citizenship under 28 U.S.C. § 1332. At all times material hereto, the Defendant owned and/or operated the ship on which the subject incident occurred.

6. The Defendant, at times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## ALLEGATIONS COMMON TO ALL COUNTS

8. **DATE OF INCIDENT.**  The incident occurred on or about Thursday, February 16, 2017 at approximately 1:00 p.m.

9. **LOCATION OF THE INCIDENT.**  The incident occurred on the vessel NCL *Escape*, a ship in navigable waters while the Plaintiffs were passengers aboard.  Accordingly, Plaintiffs' claims are governed by General Maritime Law.

10. **STATUS OF THE PLAINTIFFS AS OF DATE AND TIME OF THE INCIDENT.**  At all times material hereto, the Plaintiffs were passengers on the subject cruise ship described herein and, accordingly, were invitees while on the vessel.  The Plaintiffs do not have a copy of the subject ticket, but the Defendant does.

11. **DESCRIPTION OF CIRCUMSTANCES SURROUNDING THE SEXUAL ASSAULT, SEXUAL BATTERY, AND SEXUAL ABUSE OF THE MINOR PLAINTIFF.**  NCL in its literature and advertisements markets, advertises, and represents directly or indirectly that it provides a safe, secure, fun experience for the entire family, including minors.  Also, through its senior representatives the cruise line has represented to the press in public and to the United States Congress that cruising is a safe and secure experience or that cruising is at least as safe and secure as being on land.

12. Further, the cruise line markets to families with minor children and teenagers. NCL makes representations online and in other materials about teen friendly and family friendly cruise ships. On its website, the cruise line describes its "splash academy for kids" and invites parents to rely on the cruise line to provide a safe environment for children, including children that are 12-years old. NCL's website also advertised in part that "[k]ids of all ages can find their happy place thanks to our complimentary youth programs – Splash Academy and Entourage. Alongside our well-trained staff, your children will experience a wide range of exciting activities with kids and teens their own age. And while they are having the time of their lives, you can too, knowing they're in a safe and supervised environment." www.ncl.com/why-cruise-norwegian/family-cruises/youth-programs#splashacademy. NCL also states on its website: "[e]xperience an unforgettable family vacation with Norwegian Cruise Line. From dodgeball to cupcake decorating, there are lots of activities all over our ships for every age group. Plus, kids can learn to juggle at Circus School in Splash Academy and teens have the coolest themed parties in Entourage – our complimentary youth programs. These are moments you'll remember." NCL further encourages families with minor children by stating on their website "[w]hen families cruise with Norwegian, they get more choices. More unforgettable moments. More opportunities to discover something new. Superior dining. Spectacular entertainment. Thrilling onboard activities. Everything you could want in a vacation. And more." See www.ncl.com/why-cruise-norwegian/family-cruises.

13. Even though NCL markets heavily to families with children, the cruise line does not take reasonable measures to make those children safe in their cabins. The cruise line allows its crew members access to cabins with families and children which crew members have not been properly screened, trained, or monitored, which crew members are young men away from their

families for months at a time, and which crew members are from developing countries which do not have the infrastructure to provide full and proper background information on prospective hires.

14. The cruise line typically hires young men from developing countries or from countries where the economy is bleak, and the unemployment rate is high. The cruise line pays these young men a minimal wage below the wage which would be required if it hired Americans for the same job. NCL places these young men on the ship for months at a time and require them to work 7 days a week for 12 to 14 hours a day, all in the name of saving money. These young men are away from their families and spouses and significant others for months at a time while they live and work onboard the ships.

15. And, the cruise line does little or nothing to screen these young men before they are hired, to train the young men when they are hired, or to monitor the activities of these young men after they are hired. For background checks, the cruise line utilizes agents or "hiring partners" in these countries and relies on the "hiring partners" in the developing country to obtain background information on these candidates. But as the cruise line knows from years of hiring people from these developing countries, the investigation into the background and history of the prospective crewmember in these countries, because of the lack of infrastructure, cannot be complete or verified.

16. NCL then fails reasonably under these circumstances to screen, examine, and test the applicants for on board jobs which involve a high level of contact with the public and minor children. The cruise line also fails to train these crewmembers well and then fails to monitor the crewmembers. NCL's failure to select, train, and control its male crewmembers and/or officers to stay away from female and minor children passengers allows and/or promotes improper conduct by its crewmembers toward passengers including sexual assault, sexual battery, and sexual abuse.

17. NCL knows and, upon information and belief, has documentation of other crew members in the past committing assaults, batteries and sexual batteries onboard the ships in its fleet.

18. Despite the representations about family accommodations and activities and despite the lack of proper screening, training, and monitoring of the onboard personnel, NCL fails to utilize a proper level of technology, i.e., security cameras and monitoring, and proper security procedures to provide a safe environment to its passengers.

19. In fact, NCL provides its cabin stewards with a master key to the passengers' cabins for them to clean the passenger cabins on a daily basis. NCL provides its crewmembers a master key knowing it has rented the cabins to families with minor children and knowing that it has done little to nothing to screen these young men before they are hired, to train the young men when they are hired, or to monitor the activities of these young men after they have been hired. And NCL provided crewmember Selvam a master key to JOHN DOE, JANE DOE and H.P.'s cabin so that he could gain access into the cabin NCL assigned to H.P. and her family.

20. The NCL *Escape* left the Port of Miami on February 11, 2017, on a one week, Saturday-to-Saturday cruise. NCL assigned one of its crewmembers Rajkmar Panneer Selvam (hereinafter Selvam), a 30-year-old adult male, from India, to be the room steward to JOHN DOE, JANE DOE and H.P.'s cabin number 15858.

21. NCL placed Selvam, who was employed as a room steward onboard NCL's vessel the *Escape,* in a position with direct and frequent contact with passengers. In fact, NCL provided its room steward Selvam with a master key to the Plaintiffs' cabins for him to clean their cabins on a daily basis. In addition, NCL specifically assigned Selvam to be the room steward for the cabin it assigned to JOHN DOE, JANE DOE and H.P., specifically cabin number 15858.

22. On the second to last day of the cruise, February 16, 2017, at approximately 1:00 p.m., H.P. was napping in her cabin. She awoke to the feeling of someone rubbing inside of her shorts along her upper right leg. As H.P. further awakened, she felt someone's hand push further up her leg and then the hand went underneath her panties along her buttocks region and vaginal area. H.P. rolled away from the hand and pulled the covers of the bed over her, but she did not open her eyes. H.P. felt the hand withdraw from under her panties and shorts as she rolled away. H.P. then felt the perpetrator's hand go back under her shorts and panties and rub on her vagina area. When the hand entered her vagina area it caused H.P. to completely wake up. H.P. opened her eyes and sat up and saw NCL's crewmember Selvam standing by her bed. H.P. recognized Selvam because he was the crewmember NCL had assigned as the cabin steward to the Plaintiffs' cabin. Selvam asked H.P. if she would like him to clean her cabin. H.P. was in shock and frightened and mumbled "no." Selvam left the cabin. H.P. immediately got out of bed and went into the adjoining cabin to find her family and friends. Instead, H. P. encountered Selvam again. Selvam again asked H.P. if she would like her room cleaned; this time H.P. said yes. Selvam then went back into H.P.'s room. H.P. ran out of the cabin and immediately reported the incident to her parents and the cruise line.

23. The actions of NCL's crewmember and/or employee Selvam constituted sexual assault, sexual battery, and sexual abuse. Additionally, the actual conduct of the subject crewmember was unlawful and in violation of Criminal Statutes, including but not limited to Title 18, United States Code, Section 2242(2)(B), Sexual Abuse, and Section 2243(a), Sexual Abuse of a Minor.

## COUNT I
## NEGLIGENCE

24. The Plaintiffs, hereby adopts and re-alleges each and every allegation set forth in

paragraphs 1 through 23, above.

25. This is an action for negligence against NCL.

26. **<u>DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.</u>**

The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the minor Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk v. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant also owed a "duty to exercise reasonable care under the circumstances." See *Harnesk v. Carnival Cruise Lines, Inc*., 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A*., 475 So. 2d 248 (Fla. 3d DCA 1985). More specifically, "a high degree of care is demanded of common carriers towards their passengers," including the "duty to maintain reasonable, safe means for passengers to board and disembark." *McLean v. Carnival Corp.*, 2013 WL 1024257 (S. D. Fla.), citing *Vierling v. Celebrity Cruises, Inc*., 339 F. 3d 1309, 1319 (11th Cir. 2003). This duty is non-delegable and "even the slightest negligence renders a carrier liable." *McLean v. Carnival Corp.*, 2013 WL 1024257 (S. D. Fla.), citing *Vierling v. Celebrity Cruises, Inc*., 339 F. 3d 1309, 1319 (11th Cir. 2003).

27. NCL had a duty to use reasonable care under the circumstances to maintain its ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, sexual battery, and sexual abuse by its crewmembers. The circumstances under which these duties are created include the fact that the cruise line voluntarily undertakes to market to families with children and represent to the public that its

8

cruise ships are appropriate for families and have arranged facilities and functions for families with children; the fact that the cruise line represents to passengers that the ships have children and teen programs and activities onboard the ship and thus reassures the parents of the children and teens that the ship is safe for these groups; the fact that a cruise line takes people onboard its ships into an isolated environment not connected to land; the fact that there is no governmental police force onboard its ships; the fact that the room stewards who have access to passengers' cabins are hired from developing countries and are not properly vetted, trained, or supervised and are required to work 7 days a week for 12 – 14 hours a day; the fact that most of these crewmembers are young men and are away from their families and loved ones for months at a time; and by the fact that sexual assaults, sexual batteries and sexual abuse have occurred on ships of NCL in the past.

28.     The Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers, including the minor child of the Plaintiffs herein, from sexual assault, sexual battery and sexual abuse which was reasonably foreseeable.

29.     The sexual assault, sexual battery, and sexual abuse on H.P. was reasonably foreseeable by the Defendant who was in a superior position to appreciate the hazards of providing male crewmembers with unmonitored access to passenger cabins and take necessary steps to prevent harm to the public, including the minor child referenced herein.

30.     The Defendant knew, or in the exercise of reasonable care should have known, that onboard the cruise ships there have been numerous sexual assaults, sexual batteries, and attacks perpetrated by crew and/or officers on passengers. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships—more fully described herein—sexual assaults, sexual batteries and sexual abuse by crew members is an ongoing and repetitive problem. Yet, the cruise lines fail to monitor and control its crewmembers onboard the ship in a reasonable

manner so that the passengers are protected from sexual assault, sexual battery, and sexual abuse by the crewmembers, including but not limited to, in areas that are strictly for passengers such as the passengers' cabins.

31. The Defendant cruise line breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures, and by its other actions and conduct including but not limited to the following: a) failing to implement, reasonable and proper procedures for the safety and security of the passengers onboard the ship, including the safety of the passengers, especially minors; b) failing to warn passengers that there are sexual predators amongst NCL's crewmembers; c) failing to prevent crewmembers from conducting sexual assault, sexual battery and sexual abuse on its passengers onboard the subject vessel, including the minor Plaintiff herein; d) failing to recruit crewmembers from countries where proper background checks can be ascertained; e) failing to supervise and monitor the activities of NCL's employees onboard the subject vessel; f) failing to make appropriate and sufficient inquiries into the background of or otherwise screen those persons, employees and/or agents hired for the cruise line; g) failing to reasonably and properly control the activities and whereabouts of NCL's employees; h) failing to reasonably and properly monitor the activities and whereabouts of NCL's employees; i) failing to provide rules, regulations, policies, and/or procedures for NCL's employees regarding fraternization with passengers; j) failing to reasonably and properly enforce rules, regulations, policies and procedures for NCL's employees who fraternize with passengers; k) failing to reasonably and properly train its crew members and officers regarding non-fraternization and sexual assault prevention; l) failing to discharge NCL's employees who breach rules, regulations, policies and procedures for NCL's employees who fraternize with passengers; m) failing to have reasonable and proper methods of preventing crime, by NCL's employees, by means of surveillance thereby

protecting users, customers, and invitees of the vessel, including the Plaintiff: n) failing to implement reasonable and adequate security policies, security measures, and security procedures necessary to protect passengers on the subject ship; o) failing to comply with applicable industry and other standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence; p) failing to warn passengers that the cruise line does not properly investigate, screen, hire or retain crewmembers who have direct contact, access into passenger cabins, and frequent communication with minor female passengers and that the passengers should not trust the crewmembers; and q) failing to comply with applicable industry standards, statutes, and/or regulations which invoke the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence or negligence.

32. These breaches of duty proximately caused and allowed NCL's crewmember to prey, sexually assault, sexually batter and sexually abuse H. P. in her cabin on the NCL *Escape* on February 16, 2017, and thereby caused H.P. to suffer economic and non-economic damages, including but not limited to, bodily injury, emotional distress, mental anguish, pain, suffering, loss of capacity for the enjoyment of life, medical and psychological treatment expenses, and such expenses to be incurred in the future including the loss of the ability of H.P. to earn money in the future; and economic damages suffered by JOHN DOE and JANE DOE, each individually, and as parents and natural guardians and on behalf of, H.P., a minor, for loss of earnings, loss of ability to earn money, expenses including but not limited to the expense of physicians, counselors, phycologist and other costs expended or suffered on behalf of their minor child in the past and in the future.  The losses are either permanent or continuing.  The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

33. This sexual assault, sexual battery and sexual abuse which was caused and allowed by the cruise line also has caused the parents of H.P., the Plaintiffs herein, to suffer and incur medical and other expenses.

WHEREFORE, Plaintiffs JOHN DOE and JANE DOE, as parents and natural guardians and on behalf of H.P., a minor, demand judgment against Defendant NCL, for economic and non-economic damages, including but not limited to bodily injury, emotional distress, mental anguish, pain, suffering, inconvenience, loss of capacity for the enjoyment of life, medical and psychological treatment expenses, loss of earnings, loss of ability to earn money, medical and counseling care and treatment, which have been incurred or suffered in the past and which will be incurred or suffered in the future; economic losses and damages suffered by the Plaintiffs JOHN DOE and JANE DOE, each individually, and as parents and natural guardians and on behalf of, H.P., a minor, medical and counseling expenses incurred in the care and treatment of his injuries, lost wages and loss of income capacity.  The losses are either permanent or continuing and the Plaintiffs will continue to suffer the losses and other expenses in the future, and any and all other damages recoverable and such other and further relief as this Court deems just and proper.

### COUNT II
### STRICT LIABILITY FOR SEXUAL ASSAULT AND SEXUAL BATTERY

34. The Plaintiffs, hereby adopts and re-alleges each and every allegation set forth in paragraphs 1 through 23, above.

35. This is an action for strict liability for sexual assault, sexual battery, and sexual abuse against NCL.

36. **DUTIES OWED BY THE DEFENDANT.**  The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery, and sexual abuse.  This is a "special non-delegable duty owed by the carrier

to the passenger". *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S. Ct. 109, 35 L. Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S. Ct. 1039, 30 L. Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees' misconduct. *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc.*, 394 F. 3d at 909. "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers". *See Doe v. Celebrity Cruises Inc.* 394 F. 3d at 911.

37. The perpetrator was a crewmember and employed by NCL at all times material hereto.

38. NCL assigned the perpetrator to be the cabin steward to the Plaintiffs' cabins while they were onboard the NCL *Escape*. NCL also provided the perpetrator a master key to enter the Plaintiffs' cabins.

39. On February 16, 2017, NCL's crewmember used his master key to enter the Plaintiffs' cabin. The perpetrator entered the cabin even though H.P. was in the cabin taking a nap. Once in the room, NCL's crewmember took advantage of H.P., while she was napping, and sexually assaulted, sexually battered and sexually abused H.P. NCL's crewmember rubbed his hand up H.P.'s leg and went underneath her shorts and then underneath her panties along her buttocks region and vaginal area, which eventually caused H.P. to wake up. The crew member therefore committed sexual assault, sexual battery, and sexual abuse on a minor.

40. The crewmember's intentional acts of sexual assault, sexual battery and sexual abuse on the Plaintiff, H. P., were committed onboard the NCL *Escape* on February 16, 2017, and took place within the special maritime jurisdiction of the United States.

41. At the time of the incident H. P. was a twelve-year-old passenger onboard the NCL *Escape.*

42. On the date of the subject incident, NCL's crew member committed the intentional acts of sexual assault, sexual battery, and sexual abuse on the minor Plaintiff H. P., by attacking her while she was sleeping in her cabin.

43. H. P. did not consent to the sexual acts described herein.  Moreover, at age twelve, she was a minor and incapable of giving effective consent.  The perpetrator committed sexual assault, sexual battery, and sexual abuse on a minor as a matter of law.

44. The predatory actions of NCL's crewmember, wherein he exploited, sexually assaulted, sexually battered and sexually abused H.P. were willful, wanton, and in reckless indifference for the rights of H.P.

45. NCL's cabin steward's wanton, willful, and outrageous conduct took place during the course of his employment and in the scope of his work with NCL.

46. The crewmember employed by NCL sexually assaulted, sexually battered and sexually abused H. P., a minor, in her cabin on the NCL *Escape* on February 16, 2017, and thereby caused H.P. to suffer economic and non-economic damages, including but not limited to, bodily injury, emotional distress, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, medical and psychological treatment expenses, and such expenses to be incurred in the future including the loss of the ability of the H.P. to earn money in the future; and economic damages suffered by JOHN DOE and JANE DOE, each individually, and as parents and natural guardians and on behalf of, H.P.,  a minor, for loss of earnings, loss of ability to earn money, expenses including but not limited to the expense of physicians, counselors, phycologist and other costs expended or suffered on behalf of their minor child in the past and in the future.  The losses

are either permanent or continuing. The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, Plaintiffs JOHN DOE and JANE DOE, as parents and natural guardians and on behalf of H.P., a minor, demand judgment against Defendant NCL, for economic and non-economic damages, including but not limited to bodily injury, emotional distress, mental anguish, pain, suffering, inconvenience, loss of capacity for the enjoyment of life, medical and psychological treatment expenses, loss of earnings, loss of ability to earn money, medical and counseling care and treatment, which have been incurred or suffered in the past and which will be incurred or suffered in the future; economic losses and damages suffered by the Plaintiffs JOHN DOE and JANE DOE, each individually, and as parents and natural guardians and on behalf of, H.P., a minor, medical and counseling expenses incurred in the care and treatment of his injuries, lost wages and loss of income capacity. The losses are either permanent or continuing and the Plaintiffs will continue to suffer the losses and other expenses in the future, and any and all other damages recoverable and such other and further relief as this Court deems just and proper.

By: _s/ John Hickey_ _____
John H. Hickey (FBN 305081)
E: federalcourtfilings@hickeylawfirm.com
Kathleen Phillips (FBN 168149)
E: kphillips@hickeylawfirm.com
E: dcapo@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305)371-3542
*Attorneys for the Plaintiff*