United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jane Doe and John Doe, individually and as parents and natural guardians of H.P., a minor child, Plaintiffs,<br><br>v.<br><br>NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line, Defendant. | Civil Action No. 18-20060-Civ-Scola |

**<u>Order on Motion to Dismiss</u>**

This matter comes before the Court upon Defendant NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line's ("NCL") motion to dismiss (ECF No. 6). Upon the Court's review of the record and the relevant legal authorities, the Court **grants** NCL's motion (**ECF No. 6**) for the reasons set forth below.

**I. Factual Background**

This case involves events that allegedly occurred on Defendant NCL's cruise ship, *Escape*. *Escape* left the Port of Miami on February 11, 2017 for a one-week cruise. (ECF No. 1, ¶ 20.) Plaintiffs John Doe, Jane Doe, and their daughter, H.P., who was 12 years old at the time, were passengers aboard the *Escape*. (*Id.* at ¶ 3.) NCL assigned Rajkmar Panneer Selvam, a 30-year old man, to be the room steward to John Doe, Jane Doe, and H.P.'s cabins. (*Id.* at ¶ 20.) Selvam had a master key to enter the Plaintiffs' cabins and clean them on a daily basis. (*Id.* at ¶ 21.) On February 16, 2017, while napping her cabin, H.P. awoke to Selvam sexually assaulting her. (*Id.* at ¶ 22.)

The Plaintiffs, John Doe and Jane Doe, individually and as parents and natural guardians and on behalf of H.P., filed suit against NCL, asserting a negligence claim (Count I) and a strict liability claim for sexual assault, sexual battery, and sexual abuse (Count II) against NCL based on Selvam's actions. NCL now moves for dismissal of Count I in its entirety and Counts I and II as to John Doe and Jane Doe in their individual capacities. The Plaintiffs responded to NCL's motion, and alternatively seek leave to amend. (Resp., ECF No. 10.) In their response, the Plaintiffs agreed to withdraw their individual claims on behalf of John Doe and Jane Doe, *see* ECF No. 10 at 2, so the Court need not address NCL's argument as to that issue. The remaining question then is whether Count I should be dismissed.

## II. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555.

## III. Analysis

NCL moves to dismiss Count I on two grounds: (1) that the Plaintiffs are improperly attempting to hold NCL liable for negligence based on the same conduct that underlies their strict liability claim, and (2) that the Plaintiffs fail to state a claim for negligence and negligent hiring. The Court finds NCL's second argument more persuasive than its first.

In support of its first argument, NCL relies primarily on *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334 (S.D. Fla. 2012) (Moore, J.), which involved a passenger on a cruise who claimed that crew members attacked her. *Garcia*, 838 F. Supp. 2d at 1336. The plaintiff-passenger raised several intentional tort claims as well as a negligence claim. *Id.* at 1336–37. The district court in *Garcia* concluded that the plaintiff's negligence claim "epitomize[d] a form of 'shotgun' pleading" and that the claim could not survive because it was premised solely on the defendant's alleged commission of an intentional tort. *Id.* at 1337. Of particular relevance for this case is the district court's holding that the defendant could not "be found negligently liable for the

commission of the same intentional tort for which [the] [d]efendant is strictly liable." *Id.* The Court in *Garcia* dismissed the plaintiff's negligence claim with prejudice. *Id.* at 1337–38. Other courts in this district have relied on *Garcia* to reject negligence claims in the summary judgment context. *See Garcia v. Carnival Corp.*, No. 13-21628, 2014 WL 12531509, at *3 (S.D. Fla. Apr. 10, 2014) (Altonaga, J.) (concluding that cruise-line defendant was entitled to summary judgment for negligence claim because it was "simply a recasting of the [the plaintiff's] assault, battery, and sexual assault claim").

The Court, however, finds *Garcia* distinguishable. In *Garcia*, the plaintiff alleged that the defendant was negligent because (1) it committed intentional torts against her, and (2) it failed to prevent the intentional torts against her. *Garcia*, 838 F. Supp. 2d at 1337. While some of the allegations in the present complaint refer to breaches related to NCL's failure to prevent Selvam's acts in ways that improperly go to the heart of the allegations supporting Count II, there are also allegations that cover other breaches that pertain to NCL allowing Selvam to work and remain a room steward that do not require a finding that NCL negligently committed an intentional tort. For example, there are series of allegations related to NCL's alleged failure to properly conduct background checks and monitor the whereabouts of its employees, which do not completely overlap with the acts that the Plaintiffs are seeking relief for in Count II. Further, the Eleventh Circuit's opinion in *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 913 (11th Cir. 2004), in which the Eleventh Circuit held that cruise-line defendants are strictly liable for assaults committed by crew members, did not state that plaintiffs could no longer alternatively plead their claims, which Federal Rule of Civil Procedure 8(d) allows plaintiffs to do. *See Santana v. Miami-Dade Cty.*, No. 14–CIV–20840, 2015 WL 1914786, at *4 (S.D. Fla. Apr. 27, 2015) (Bloom, J.) (recognizing that the plaintiff could alternatively plead his claims). Accordingly, the Court finds that to the extent the Plaintiffs are attempting to allege a general negligence claim for the torts it alleges Selvam committed in Count II, Count I is improperly pled. However, to the extent the Plaintiffs can allege a claim for negligent hiring, retention, monitoring, and supervising as set forth below, the Court concludes that such claims can be pled in conjunction with the strict liability claim.

The Court, however, does agree with NCL that the Plaintiffs failed to state a claim for negligent hiring, retention, monitoring, and supervising. Although the Plaintiffs point out the various alleged breaches committed by NCL in its response, the Plaintiffs also unequivocally assert that their negligence claim is "for negligent hiring, retention, monitoring and supervising." (Resp., ECF No. 10 at 5.) To the extent the Plaintiffs are attempting to assert these claims, the Court finds that the Plaintiffs have failed to allege sufficient facts. *See Hastings*

*v. Carnival Corp.*, No. 15-20239-CIV, 2015 WL 12778785, at *2 (S.D. Fla. Apr. 27, 2015) (Scola, J.) (concluding that the plaintiff failed to state a claim for negligence because the plaintiff "fail[ed] to allege facts supporting the litany of duties Carnival purportedly breached").

To adequately allege negligent hiring or retention, a plaintiff must show that "(1) the agent/employee/contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Doe v. NCL (Bahamas) Ltd.*, No. 1:16-CV-23733, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.). To support these claims, "a plaintiff must allege facts showing that the employer was put on notice of the harmful propensities of the employee." *Mumford v. Carnival Corp.*, 7 F. Supp. 3d 1243, 1249 (S.D. Fla. 2014) (Lenard, J.) (quoting *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1318 (M.D. Fla. 2002)). The Plaintiffs fail to allege that Selvam was "incompetent or unfit to perform" his work and that NCL knew or should have known of Selvam's unfitness or harmful propensities before or after he was hired. Rather, the complaint includes broad allegations about NCL's hiring of "young men from developing countries or from countries where the economy is bleak" who are "away from their families and spouses and significant others for months at a time" and for whom background checks cannot be adequately completed or verified. (Compl., ECF No. 1 at ¶¶ 14–15.) These broad and indirect allegations do not speak to the negligent hiring or retention of Selvam in particular.

The Plaintiffs also fail to state a claim for negligent supervision. "Negligent supervision occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigating, discharge, or reassignment." *Doe*, 2016 WL 6330587, at *4 (internal quotation marks and citations omitted). To state a claim for negligent supervision, a plaintiff must allege that "(1) the employer received actual or constructive notice of an employee's unfitness, and (2) the employer did not investigate or take corrective action such as discharge or reassignment." *Id.* (internal quotation marks and citations omitted). The Plaintiffs fail to allege any facts that NCL had actual or constructive notice of Selvam's unfitness before the alleged sexual assault and battery, and that NCL failed to investigate or take corrective action.

The same is true for the Plaintiffs' attempt to state a claim for negligent training. "Negligent training occurs when an employer was negligent in the implementation or operation of the training program and this negligence caused a plaintiff's injury." *Id.* The Plaintiffs fail to plead that NCL's negligent

implementation or operation of its training program caused Selvam to sexually assault H.P. *See id.* The complaint merely states that NCL "fails to train these crewmembers" to "stay away from female and minor children passengers," which "allows and/or promotes improper conduct by its crewmembers including sexual assault, sexual battery, and sexual abuse," among other broad allegations that NCL failed to train its crew members. (*See, e.g.*, Compl., ECF No. 1 at ¶¶ 15–16, 18, 19.)

Overall, the allegations in the complaint fail to demonstrate a plausible entitlement for relief on the basis of negligent hiring, training, monitoring, or retention. *See Doe*, 2016 WL 6330587, at *3–*4 (concluding that plaintiff failed to state a claim for negligent hiring, supervision, and training in case involving alleged sexual assault on a cruise ship). Nevertheless, the Court will allow the Plaintiffs to re-plead these claims.

### IV.     Conclusion

For the foregoing reasons, the Court **grants** NCL's motion to dismiss (**ECF No. 10**) as to the Plaintiffs' negligence claim (Count I). The Plaintiffs must file an amended complaint on or before **August 24, 2018**. The Defendant shall file its answer to the amended complaint on or before **September 7, 2018**.

**Done and ordered** in chambers, at Miami, Florida, on August 10, 2018.

_____
Robert N. Scola, Jr.
United States District Judge